## In re GOUMAS.

No. 16732.

District Court, W. D. New York.

July 7, 1931.

Vedo M. Candiello, of Hornell, N. Y., for alleged bankrupt.

Simpson, Austin & Morton, of Hornell, N. Y., for petitioning creditors.

KNIGHT, District Judge.

This is a motion for an order confirming the report of a special master recommending an adjudication in bankruptcy. The alleged bankrupt opposes on various grounds. These relate to the form of the report and the sufficiency of the proofs to sustain the recommendation.

The form of report of the special master is not to be commended. Immediately following the transcript of the testimony we find these words subscribed by the special master: "I recommend that an Order of Adjudication in bankruptcy be granted." The order of reference to the special master directed him "to ascertain and report the facts, with his conclusions thereon." While this has not been done, he has returned as part of his report the testimony taken before him. Since the special master sits only in aid of the court

in a contested proceeding for adjudication in bankruptcy, I believe the court has ample authority to disregard the strict letter of the directions to the referee and determine from the proceedings had and the testimony submitted the question of the adjudication herein.

As I read the record, there is no material difference as regards the facts.

■ Prior to March 18, 1929, the alleged bankrupt was engaged in the confectionery business and owned certain stock, fixtures, and equipment therefor. Petitioning creditors had done business with alleged bankrupt for some time preceding that date, and continued business relations with him thereafter as before, and until November 29, 1930.

On the last-mentioned date a bill of sale was filed in the town clerk's office purporting to transfer stock, fixtures, and equipment of the alleged bankrupt in his confectionery business. The bill of sale purports to bear date March 18, 1929. All debts owing the petitioners were contracted between the dates hereinbefore specifically mentioned. The involuntary petition herein was filed January 21, 1931. The alleged act of bankruptcy as set forth in the petition is "the transfer of property with intent to hinder, delay, and defraud his creditors, in giving and filing a Bill of Sale of the stock, fixtures, and equipment *  *  * to Katherine Goumas, his wife, and that same was done without giving notice to creditors as required by Section 44 of the Personal Property Law of this said State and as your petitioners further believe to have been given without consideration," and that said bill of sale was given on November 29, 1930, "within four months next preceding the date of this Petition."

In the view I take of this matter, it is immaterial whether the bill of sale was actually executed and delivered on March 18, 1929, or whether such execution and delivery was made on November 29, 1930. So far as petitioners who had done business with the alleged bankrupt both prior and subsequent to March 18, 1929, are concerned, a presumption of fraud arises from the fact that the bill of sale was not promptly filed, if executed on March 18, 1929, that there was no change of possession, and that the alleged bankrupt, with the knowledge of the vendee, his wife, held himself out to these creditors to have the same continuous interest in the property in question at all times.

■ Retention of possession of the property under circumstances which are uncontradict-ed creates a presumption of fraud here which has not been overcome. Klinger v. Hyman (C. C. A.) 223 F. 257, 265 and cases cited; Preston v. Southwick, 115 N. Y. 139, 148, 21 N. E. 1031; Collier on Bankruptcy, vol. 2, § 70, p. 1772.

The rules applicable to this transaction are to be determined with reference both to the decisions of the federal and the state courts.

■ Petitioners allege that the transfer was made on November 29, 1930. This was the date the bill of sale was filed, and fixes the time within which the four months' limitation provision ran. The "transfer" was not legally completed so far as the rights of the petitioning creditors are concerned until that date.

■ The testimony of the alleged bankrupt is that the bill of sale was executed March 18, 1929. Assuming this to be true, failure to give notice as provided by section 44 of the New York Personal Property Law (Consol. Laws, c. 41) is immaterial, since petitioners were not creditors at that time. Presuming that a sale took place on November 29, 1930, such notice was necessary, and failure to give it would constitute a fraud upon the petitioners. The question of whether there was any consideration for the sale to alleged bankrupt's wife is not determinative of the rights of the parties. Failure of consideration, however, would be a thing from which an intent to defraud might be inferred. There is nothing in the record which discloses that there was any consideration paid for this property. It does appear that on December 2, 1930, three days after the bill of sale was filed, alleged bankrupt's wife received notes aggregating $2,000 as a consideration to her for it.

It also appears in the evidence that the alleged bankrupt owes debts aggregating $2,000, and that a judgment has been procured upon one claim against the plaintiff, and that the alleged bankrupt has been sued upon one or more other claims.

As the case stands before me now, the uncontradicted evidence shows acts and circumstances from which a presumption of fraud in the transfer of the property in question may be drawn, which is not overcome, and establishes the allegations of the petition, so far as they relate to the relief sought.

Adjudication in bankruptcy is therefore directed, and an order may be prepared and entered accordingly.